**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FIRSTMERIT BANK, N.A., a national banking association, | ) ) ) Case No. 1:13-cv-08570 |
| Plaintiff, | ) ) |
| v. | ) ) District Judge: Honorable John Z. Lee |
| CHICAGO TITLE LAND TRUST COMPANY, *et al.*, | ) ) ) ) |
| Defendant(s). | ) ) |

**MOTION FOR ENTRY OF DEFAULT
<u>JUDGMENT AND JUDGMENT OF FORECLOSURE AND SALE</u>**

Plaintiff, FirstMerit Bank, N.A., a national banking association ("<u>FirstMerit</u>"), successor in interest to the Federal Deposit Insurance Corporation ("<u>FDIC</u>"), as receiver for Midwest Bank and Trust Company ("<u>Midwest</u>"), successor in interest to Royal American Bank, by its attorneys, hereby moves pursuant to Rule 55 of the Federal Rules of Civil Procedure and the Illinois Mortgage Foreclosure Law (defined below), for entry of the following:

      a)      A default order and judgment in favor of FirstMerit and against defendants (each a "<u>Defendant</u>" and collectively "<u>Defendants</u>") Chicago Title Land Trust Company, as trustee under agreement dated March 12, 1999 and known as Trust No. 1106930 ("<u>Borrower</u>"); Dominic A. Gorniak ("<u>D. Gorniak</u>"); Barbara J. Gorniak ("<u>B. Gorniak</u>," and together with D. Gorniak, "<u>Guarantors</u>"), and Gilberts Industrial Condominium Association, an Illinois not-for-profit corporation ("<u>Association</u>") for foreclosure of the Mortgage[1] and the Judgment Lien under Count I of the Complaint; and

      b)      A Judgment of Foreclosure and Sale in favor of FirstMerit and against Defendants

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Complaint.

1

on Count I of the Complaint pursuant to 735 ILCS 5/Art. XV (the "Illinois Mortgage Foreclosure Law").

In support of this Motion, FirstMerit states as follows:

**I.     Jurisdiction and Venue**

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Borrower, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because: (a) Borrower is headquartered, does business, and owns the Property within this District; (b) the Mortgage at issue is secured by Property located in this District; and (c) a substantial part of the events or omissions giving rise to the claim occurred here.

**II.    Procedural History**

3. On November 27, 2013, FirstMerit filed a Complaint against Defendants, thereby commencing the above-captioned proceeding. In the Complaint, FirstMerit seeks to foreclose a mortgage and a judgment lien on property located at 38 West End Drive, Gilberts, Illinois (the "Property") owned by Borrower. The Mortgage secures debt that is due and owing pursuant to a certain Loan (as defined below) to Borrower. Borrower is currently in default under the Loan, and has failed to pay all obligations due and owing from Borrower to FirstMerit with respect to the Loan. Each of Guarantors and Association may also hold or claim interests in the Property.

4. On December 2, 2013, the Clerk of the Court issued a Summons to each Defendant, directing each Defendant to answer the Complaint and notifying each Defendant that they needed to file an answer or otherwise respond to the Complaint.

5. On December 3, 2013, Borrower was served with Summons and Complaint. A true and correct copy of the return of service is attached hereto as part of **Group Exhibit A**.

6. On December 4, 2013, Association was served with Summons and Complaint. A true and correct copy of the return of service is attached hereto as part of **Group Exhibit A**.

7. On December 5, 2013, each Guarantor was served with Summons and Complaint. A true and correct copy of the return of service is attached hereto as part of **Group Exhibit A**.

8. As a result of FirstMerit's service of the Complaint and Summons, Defendants were required to answer or otherwise plead in response on the following dates: (a) Borrower on December 24, 2013; (b) Association on December 26, 2013; and (c) Guarantors on December 26, 2013.

9. On December 6, 2013 - one day after they were served with the Complaint - Guarantors jointly filed for voluntary bankruptcy relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Wisconsin (the "Bankruptcy Court"), thereby establishing case No. 03-13-15827-rdm (the "Bankruptcy Case").

10. On April 1, 2014, in an abundance of caution, FirstMerit filed a Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) and (2) (the "Stay Relief Motion") before the Bankruptcy Court. The Bankruptcy Court held a hearing on the Stay Relief Motion on April 28, 2014.

11. On May 5, 2014, the Bankruptcy Court entered an order granting the Stay Relief Motion (the "Stay Relief Order"). Attached hereto as **Exhibit B** is a true and correct copy of the Stay Relief Order. With respect to the instant proceeding, the Stay Relief Order provides as follows:

> FirstMerit's Motion is GRANTED with respect to the property located at 38 W. End, Gilberts, Illinois (the "Gilberts Property"), which is also described on

Exhibit A, for the additional reason that the Debtors stipulated to the requested relief. FirstMerit may pursue all remedies available in law or equity to enforce its liens, security interests, and other rights in or against the Gilberts Property, including, but not limited to, the right to foreclose the interests of the Debtors and the Chicago Title Land Trust Company as trustee under the agreement dated March 12, 1999 and known as Trust No. 1106930, and the right to sell or otherwise dispose of the Gilberts Property pursuant to applicable state law.

*See* Stay Relief Order, ¶ 2.

12. None of Defendants appeared at the status hearing held by the Court on April 1, 2014, and none of Defendants filed an answer to the Complaint, or other responsive pleading.

### III. FirstMerit is Entitled to a Default Judgment Against Each Defendant.

13. Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 further provides that the clerk or the court may enter default judgment against a defendant on the plaintiff's request or application. Fed. R. Civ. P. 55(b).

14. Each Defendant was required to answer or otherwise plead in response to the Complaint on either December 24 or December 26, 2013. None of Defendants pled in response before such date.

15. Since FirstMerit was granted stay relief in the Bankruptcy Case on May 5, 2014, Guarantors have yet to answer or otherwise plead in response to the Complaint.

16. Rule 54 of the Federal Rules of Civil Procedure provides: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

17. Each Defendant is in default, and there is no just reason to delay entry of a default judgment against each Defendant at this time.

4

**IV.     FirstMerit Is Entitled To A Judgment Of Foreclosure and Sale on Count I**

18.     Courts in the Northern District of Illinois apply the Illinois Mortgage Foreclosure Law to mortgage foreclosure proceedings initiated in federal court. *See Ocwen Fed. Bank, FSB v. Harris*, Case No. 99 C 658, 2000 WL 1644377, *2 (N.D. Ill. Oct. 24, 2000) ("Foreclosure proceedings in Illinois are governed by the [Illinois Mortgage Foreclosure Law]."); *Countrywide Home Loans v. Wilkerson*, Case No. 03 C 50391, 2004 WL 539983, *1 (N.D. Ill. Mar. 12, 2004) (applying Illinois Mortgage Foreclosure Law to motion for summary judgment for foreclosure); *Mellon Mortgage Co. v. Larios*, Case No. 97 C 2330, 1998 WL 292387, *1 (N.D. Ill. May 20, 1998) ("The applicable law in this instance is the [Illinois Mortgage Foreclosure Law]."); *Ocwen Fed. Bank v. The Steel City Nat'l Bank of Chicago*, Case No. 97 C 5059, 1998 WL 111672, *2 (N.D. Ill. Mar. 4, 1998) (applying Illinois Mortgage Foreclosure Law to foreclosure action); *Fed. Home Loan Mortgage Corp. v. Devon Bank*, Case No. 94 C 5527, 1995 WL 410975, *1 (N.D. Ill. July 11, 1995) ("This is a statutory foreclosure action governed by Illinois law").

19.     The Illinois Mortgage Foreclosure Law provides that, on motion of the plaintiff, the Court shall enter a judgment of foreclosure where all the allegations of fact in the complaint have been proved by verification of the complaint or affidavit. 735 ILCS 5/15-1506(a)(2).

20.     All of the allegations of fact in the Complaint are proved by the attached declaration in support of this Motion, attached hereto as **Exhibit C** (the "Lupascu Declaration").

21.     The total amount due and owing to FirstMerit under the Loan Documents, secured by the Mortgage against the Property, as of July 15, 2014, is **$315,704.61**.

22.     On February 21, 2013, the Circuit Court of Jefferson County in the State of Wisconsin entered its Order for Judgment and Judgment ("Judgment") against, *inter alia*, Guarantors, granting FirstMerit a monetary judgment against D. Gorniak, jointly and severally with B. Gorniak, and two other guarantors of the CES Notes, in the amount of $4,831,249.87 as

of February 11, 2013, plus interest thereafter at $1,068.91 per day, plus all costs of collection and foreclosure. (*See* Judgment, § 1). A copy of the Judgment is attached as **Exhibit K** to the Complaint.

23. On July 1, 2014, the Circuit Court of Jefferson County in the State of Wisconsin entered its Order Confirming Sheriff's Sales, Amending Monetary Judgment, And Directing Delivery Of The Sheriff's Deeds To Cascade Holdings, LLC (the "Amended Judgment"), a copy of which is attached to the Lupascu Declaration as **Exhibit 1**.

24. The total amount due and owing to FirstMerit under the Judgment and Amended Judgment, secured by the Mortgage against the Property, is **$4,201,314.11** (as of July 1, 2014).

25. As a result, a total of **$4,517,018.72** remains due and owing to FirstMerit, all of which is secured by the Mortgage. Consequently, FirstMerit is entitled to seek a judgment of foreclosure for the maximum amount - $450,000 - set forth in the Mortgage.

26. Under Count I of the Complaint, FirstMerit seeks a judgment of foreclosure against the Defendants in the amount of $450,000 under the Mortgage, pursuant to 735 ILCS 5/15-1506(a)(2) of the Illinois Mortgage Foreclosure Law. For the avoidance of doubt, FirstMerit does not seek a deficiency judgment against either the Borrower or the Guarantors.

**V.   Judgment of Foreclosure**

27. Special matters may be included in the judgment of foreclosure if sought by a party by motion. 735 ILCS 5/15-1506(f). FirstMerit requests that the Court include the following special matters, in the form of Order submitted with this Motion:

a)  The Property should be subject to a sale by public auction, for cash in hand at the time of sale;

b)  The Property should be subject to a sale by open, verbal bid;

    c)     The Judicial Sales Corporation shall be appointed as the special commissioner to conduct the sale;

    d)     Title in the Property may be subject at the sale shall include general real estate taxes for the current year and for the preceding year (if any) which have not become due and payable as of the date of this judgment, any special assessments upon the real estate, and easements and restrictions of record; and

    e)     In the event that FirstMerit is a successful bidder at the sale, it may offset against the purchase price to be paid for any or all of the Property the amounts due, if any, under this Judgment, the order confirming the sale, or such other order or judgment as may be entered by the Court prior to the sale.

WHEREFORE, FirstMerit respectfully requests that this Court enter an Order in the form submitted with this Motion: (a) granting default judgment for foreclosure of its Mortgage against Chicago Title Land Trust Company, Dominic A. Gorniak, Barbara J. Gorniak, and Gilberts Industrial Condominium Association on Count I of the Complaint; (b) granting Judgment of Foreclosure and Sale in favor of FirstMerit and against Defendants on Count I of the Complaint pursuant to 735 ILCS 5/Art. XV; and (c) granting any other relief the Court deems just and proper.

Dated: July 22, 2014

Respectfully Submitted:

**FIRSTMERIT BANK, N.A., SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR MIDWEST BANK AND TRUST COMPANY , SUCCESSOR IN INTEREST TO ROYAL AMERICAN BANK**,

By: /s/Jason J. DeJonker
  Gus A. Paloian (6188186)
  Jason J. DeJonker (6272128)
  Bret M. Harper (6299968)
  SEYFARTH SHAW LLP
  131 South Dearborn Street
  Chicago, Illinois 60603
  Telephone: (312) 460-5000
  Facsimile: (312) 460-7000

**Attorneys for FirstMerit Bank, N.A., a national banking association**